No. 867

LANE v. GREENE et

Ohio Appeals, 3rd Dist., Gallia Co.

Decided May 15, 1926

708. LEASES—Possession taken and rents paid under a defective lease creates a tenancy from year to year, or month to month, dependent upon the terms as to payment of rentals.

703. LANDLORD & TENANT—When a landlord raises the rent of a tenant the rule is if the tenant is silent then it an implied contract for the increased rent, but if the tenant dissents, then he could be held only for the reasonable value of the use and occupation of the premises or for damages for the trespass, with, under appropriate circumstances, exemplary damages for his, wilful holding over.

MIDDLETON, J.

John Lane was the owner of certain real estate situated in Gallipolis, Ohio. Gordon Greene at the time this action was instituted was and at the present time is in possession of said real estate by virtue of a certain written lease made in July, 1905, by one, John C. Shephard, then owner. The written lease was for 25 years and was neither witnessed or acknowledged as provided by law. The lease provides for a rental of $12.50 per month,

which had been raised at the time of purchase by Lane to $30.00 per month.

From time to time Lane notified Greene of increases in rent and Greene refused to pay any increase in excess of the rate fixed by the lease. This action was instituted in the Gallia Common Pleas to recover rental at the rate specified by Lane. Judgment was rendered in favor of Greene and error was prosecuted.

Two questions arising were: was Greene a tenant from month to month or from year to year under the lease and can Lane recover the full amount of rental as specified by him? The Court of Appeals held:

1. "Possession taken and rents paid under a defectively executed lease creates a tenancy from year to year, or month to month, dependent upon the terms as to payment of rentals." 96 OS. 74.

2. The lease in question stipulated that rentals be payable each month, and the original parties treated the tenancy as one from month to month. Also the original owner increased the rent without regard to the lease and the lessee paid the increased rental without any question.

3. Lane claims that the binding over of a tenant after an increase in rental implies a contract for payment of the increased rent by the lessee even though the lessee refused expressly to comply with the terms.

4. Such rule in actual practice would be a harsh and unjust one for a tenant, before he could contend for his rights, would have to surrender possession or find himself in financial ruin if he found that he was in error as to his claim.

5. Further, ernt is the result of contract. Such a contract might be an implied one, but when one of the parties dissents to its terms, there having been no meeting of the minds, there is no contract; but if he dissents, then he could be held only for the reasonable value of the use and iccupation of the premises, or for damages for the trespass, with exemplary damages under appropriate circumstances, for his wilful holding over.

Judgment reversed and cause remanded.

Attorneys—Henry W. Cherrington for Lane; R. W. Switzer and H. C. Johnson for Greene; all of Gallipolis.